UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| VICTOR MANUEL HERRERA, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6: 14-211-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| J. C. HOLLAND, WARDEN, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Victor Manuel Herrera is a prisoner confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Herrera has filed an original and supplemented petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1, 4] and paid the habeas filing fee. [R. 4]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Herrera's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his petition, Herrera indicates that in 2008 he was housed as a federal pretrial detainee at the Guaynabo Metropolitan Detention Center in Puerto Rico.[1]  [R. 1, p. 1]  On two separate occasions - on January 20, 2008 and on October 10, 2008 - he was charged with violating Bureau of Prisons ("BOP") Disciplinary Code 112 for the use of narcotics, prescription drugs, or marijuana in the prison.  Following disciplinary hearings on February 14, 2008 and December 17, 2008, respectively, a Disciplinary Hearing Officer ("DHO") found him guilty and ordered that he forfeit 40 days of good time credits for each offense.  [R. 1-1, p. 6, 7]  Herrera contends that it was improper for the BOP to order 80 days of good time credits forfeited before he was sentenced on his underlying criminal offense on May 11, 2009.  [R. 1, p. 1]

Herrera did not challenge the imposition of these penalties with the BOP until six years later.  On July 16, 2014, he filed an informal grievance contending that the DHO had no authority to disallow good time credits before his sentence was imposed.  BOP staff rejected his grievance on the ground that under BOP Program Statement 5270.09, the Inmate Discipline Program applies to an inmate both before and after his or her sentence is imposed.  [R. 4-1, pp. 1, 2]  *See* 28 C.F.R. § 541.2 ("This program applies to sentenced and unsentenced inmates in Bureau custody.").  Herrera then filed grievances with the warden, the Mid-Atlantic Regional Office, and the Central Office, contending in each that it was impermissible and illogical to forfeit good time credits he could not have earned because his sentence had yet to be imposed.  [R. 4-1, pp. 3, 5, 7]  The warden and the regional office both rejected Herrera's grievance because it was filed more than 20 days after receipt of the DHO report, and was therefore untimely.  [R. 4-1, pp. 4, 6, 8]

---

[1]  Herrera was awaiting trial for his participation in a large-scale drug trafficking operation in Puerto Rico.  Herrera agreed to plead guilty on February 6, 2009, and on May 11, 2009, the trial court imposed a cumulative 147-month sentence.  *United States v. Herrera*, No. 3: 07-CR-488-ADC-38 (D.P.R. 2007).

In his petition, Herrera contends that his grievances were not untimely because he was "not appealing the incident report or other sanctions, but rather the practice the B.O.P. has of withholding good time credits from inmates that are not even sentenced and therefore do not have any good time credits to begin with …" For relief, however, he requests restoration of the 80 days of good time credits ordered forfeit by the DHO in 2008. [R. 4-1, p. 10]

The Court must deny Herrera's petition because he failed to timely and properly exhaust his administrative remedies, and because his claim is substantively without merit.

Before a prisoner may seek habeas relief under Section 2241, he must first exhaust his administrative remedies within the Bureau of Prisons. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Where an inmate challenges the sanction imposed by a DHO, he must file an appeal directly with the regional office within 20 days after the disciplinary conviction is imposed. 28 C.F.R. § 542.14(a), (d)(2). Herrera filed his appeal with the regional office on August 5, 2014, [R. 4-1, p. 5] approximately six years after the DHO imposed the sanctions he now challenges, well past the applicable deadline.

Herrera's contention that these time periods do not apply to his claim is without merit. The BOP's administrative remedy program covers all aspects of prison life, 28 C.F.R. § 542.10(a), and Herrera was required to file an appeal with the regional office to challenge any consequence flowing from his disciplinary conviction, regardless of the factual or legal basis for such challenge. While he contends that he was "not appealing the incident report or other sanctions," this is plainly incorrect. Through his grievances and in his present petition, he expressly seeks to invalidate the DHO's order forfeiting 80 days of his good time credits. [R. 4-1, p. 1, 7, 9-10] The rule requiring exhaustion of administrative remedies is designed to afford the agency the first opportunity to review any challenge to its policies and actions, *Woodford v.*

*Ngo*, 548 U.S. 81, 92-94 (2006), and to accept the specious distinction Herrera urges here would needlessly undermine that laudable policy goal. *Cf. Garza v. Davis*, 596 F. 3d 1198, 1204-05 (10th Cir. 2010) (holding that "a prisoner can[not] do away with the exhaustion requirement simply by framing his habeas petition as an attack on a regulation's validity rather than its application. The relevant question remains whether it would be futile to require the prisoner to go through the BOP review process.") (*quoting Torres–Villa v. Davis*, 354 F. App'x 311 (10th Cir. 2009)). Herrera's petition squarely challenges the sanctions imposed by the DHO, and his failure to timely assert his claim under the BOP's inmate grievance procedure renders that claim unexhausted.

Even if this were not so, Herrera's substantive claim - that the DHO could not order forfeit good time credits that he had yet to earn - is incorrect. Herrera's argument is premised upon the assumption that he could not earn good time credits before his sentence commenced. A federal prisoner's sentence commences when he or she is taken into custody to begin service of that sentence. 18 U.S.C. § 3585(a). This date cannot be prior to the date the sentence is imposed. *Mills v. Quintana*, 408 F. App'x 533, 535 (3d Cir. 2010); PS 5880.28, Ch. 1, p. 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.").

But time a defendant spends in federal detention prior to conviction and sentencing is not lost: if this period is not credited against a state sentence, he or she is awarded prior custody credits pursuant to 18 U.S.C. § 3585(b)(1), and will earn good time credits pursuant to 18 U.S.C. § 3624(b)(1) because he or she is "a prisoner who is serving a term of imprisonment." *Lopez v. Terrell*, 654 F. 3d 176, 177, 183-85 (2d Cir. 2011) ("When the BOP calculates GCT, therefore, it will include the time spent in custody following the date of sentencing as well as any period of

presentence custody credited under § 3585(b), since both periods, in combination, constitute the defendant's federal sentence."). *See also Neal v. Samuels*, No. 9:09-CV-987-JKS, 2012 WL 4052326, at *2 (N.D.N.Y. Sept. 13, 2012) (noting BOP's statement that "[t]he Bureau applies available GCT to time spent serving a federal sentence and to time considered as prior custody credit under § 3585(b)."); *Allen v. Daniels*, No. 13-CV-1368-RM-BNB, 2014 WL 2493067, at *5-6, 8 (D. Colo. June 3, 2014) (noting BOP's awarded good time credits from date of petitioner's arrest and subsequent federal pretrial detention). Just as Herrera could earn good time credits as a federal pretrial detainee under § 3624(b), those credits were subject to forfeiture for noncompliance with institutional rules. *See* 18 U.S.C. § 3624(b)(1) (conditioning award of good time credits upon the prisoner's "exemplary compliance with institutional disciplinary regulations").

Accordingly, **IT IS ORDERED** that:

1. Herrera's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

This 10th day of March, 2015.



Signed By:
Gregory F. Van Tatenhove
United States District Judge